# IN THE COURT OF APPEALS OF IOWA

No. 19-1487
Filed March 3, 2021

**TIMOTHY KEITH PALMER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Timothy Palmer appeals the district court's grant of summary disposition on his seventh postconviction-relief application. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

More than twenty-five years ago, a jury found Timothy Palmer guilty of first-degree murder and first-degree robbery in connection with the death of a man in Des Moines, Iowa. The court of appeals affirmed his judgment and sentence in 1997. *See State v. Palmer*, 569 N.W.2d 614, 618 (Iowa Ct. App. 1997). Procedendo issued the same year. Twenty-one years later, Palmer filed his seventh application for postconviction relief. The State moved for summary disposition, which the district court granted.

On appeal, Palmer contends "it was error for the [c]ourt to dismiss out his claims due to statute of limitation violations." He asserts he "should have been afforded his day in court."

Iowa Code section 822.3 prescribes a three-year statute of limitations for filing a postconviction-relief application but provides an exception for a ground of fact or law that could not have been raised within the applicable time period. *See* Iowa Code § 822.3 (2018). The supreme court also has held that certain postconviction-relief applications may relate back to the date of a timely-filed petition. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018).[1]

---

[1] Effective July 1, 2019, the legislature amended Iowa Code section 822.3 to state, "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140 § 34 (codified at Iowa Code § 822.3 (2019)). The court of appeals recently stated, "[t]his amendment appears to abrogate *Allison*." *Johnson v. State,* No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021). Palmer's postconviction-relief application was filed before the effective date of the amendment, but the court's ruling was filed after the effective date. In light of the district court's conclusion that *Allison* did not save Palmer's application—a conclusion with which we agree—we need not address the amendment.

Palmer relies on *Allison* to save his concededly untimely seventh application. *Allison* specifically held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR is filed *promptly* after the conclusion of the first PCR action.

914 N.W.2d at 891 (emphasis added).

The postconviction court concluded "Palmer [did] not fall within the parameters set forth in *Allison*." The court explained that this was "his seventh, not second" postconviction-relief application and "the time lag between each PCR application" could not "be consider[ed] 'prompt.'" We discern no error in the court's conclusion. *See Williams v. State*, No. 19-1817, 2020 WL 7385279, at *1–2 (Iowa Ct. App. Dec. 16, 2020) (holding fourth postconviction-relief application time-barred); *Losee v. State*, No. 19-1702, 2020 WL 4499771, at *2–3 (Iowa Ct. App. Aug. 5, 2020) (finding fifth postconviction-relief application time-barred); *Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *3–4 (Iowa Ct. App. Apr. 29, 2020) (holding third postconviction-relief application was not promptly filed); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *1–2 (Iowa Ct. App. Aug. 7, 2019) (holding third postconviction-relief application time-barred).

Palmer additionally contends one of his claims falls within the ground-of-fact exception to the time bar. To fall within the exception, an applicant must show "the alleged ground of fact could not have been raised" within the limitations period

and there is "a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

Palmer alleged the State "had a duty to disclose" that the medical examiner who testified at trial "did not pass his board[]" certification exam. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (governing State's obligation to disclose exculpatory information). The postconviction court determined evidence of his failure to pass the board examination was discovered after the three-year limitations expired and, "[t]here is a genuine issue of material fact regarding whether Palmer could have known about the failed board[] [exams] at the time of trial." The court nonetheless found no "genuine issue of material fact regarding whether the alleged impeachment evidence ha[d] a nexus to the challenged conviction." Accordingly, the court concluded the ground of fact was insufficient to overcome the time bar.

We conclude Palmer could have discovered the medical examiner's credentials within the applicable time period. Unlike evidence that materializes long after trial, his qualifications could have been elicited in a discovery deposition or on questioning at trial. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) ("The onus is on the applicant to" establish "the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period."); *cf. Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018) (noting a "recantation was not available to [the defendant] within the three-year period following the date of his conviction and [the defendant] could not have discovered the recantation earlier than he did *in the exercise of due diligence*" (emphasis added)); *State v. Werts*, No. 01-1813, 2003 WL 21696562, at *5 (Iowa Ct. App. July 23, 2003) ("The trial

court denied the defendant's request to question [the medical examiner] about his failure to pass the board certification test for forensic pathology. The court allowed the defendant to inquire whether or not the doctor was board certified, but not to ask about failing the test. We conclude from the record made that the court did not abuse its discretion in limiting the defendant's cross examination of Dr. Garrity."). While we do not fault trial counsel for stipulating to the medical examiner's credentials under the circumstances of this case, the stipulation does not take away from the fact that his qualifications were available for the asking. Because the credentials could have been discerned within the applicable time period, we conclude Palmer failed to establish the ground-of-fact exception to the time bar. The district court did not err in granting the State's summary disposition motion. *See Schmidt*, 909 N.W.2d at 784 (setting forth standard of review).[2]

**AFFIRMED**.

---

[2] Palmer makes brief mention of an actual innocence claim but does not argue or cite authority in support of the claim. We conclude the claim is waived.